AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the
District of New Mexico

*FILED*
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2015 NOV 13  AM 8:48

CLERK - LAS CRUCES

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>17 Heather Lane, Alamogordo, New Mexico | )<br>)<br>)<br>)<br>)<br>) |

Case No.  15 MR 737

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
17 Heather Lane, Alamogordo, NM, more fully described in Attachment A, which is attached and fully incorporated herein.

located in the _____ District of _____ New Mexico _____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, which is attached and fully incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841, 846 | Conspiracy, Possession With Intent to Distribute Methamphetamine |

The application is based on these facts:

See Attachment C, which is attached and fully incorporated herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

William Kirkpatrick, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/13/15

*Judge's signature*

City and state:  Las Cruces, New Mexico

Stephan M. Vidmar, United States Magistrate Judge
*Printed name and title*

**Attachment A**
**Premises to Be Searched**

### 17 Heather Lane, Alamogordo, Otero County, NM

The premise to be searched is a single-family dwelling located at 17 Heather Lane, Alamogordo, Otero County, NM. The residence is a single home, white in color with a pitched gray roof and brown trim. The home is located on the east side of Heather Lane approximately three hundred feet east of Heather Lane and sits north and south with the front door, white in color with brown trim, facing west. A large bay window is located on the south side of the front door and two French white doors with brown trim on the north side of the front door. Located in the front yard is a large tree on the south side of the residence. A storage shed with a pitched roof is also located on the north east side of the residence.

To include all outbuildings, vehicles and appurtenances on the property within the curtilage of the residence.

Photographs of the Subject Premises are attached and incorporated herein.







## ATTACHMENT B

## ITEMS TO BE SEIZED

All evidence of violations of 21 USC §§ 841 and 846, , including the following items:

a. Controlled substances, including methamphetamine; and drug paraphernalia and packaging materials, including scales, plastic baggies, and tape.

b. Firearms and ammunition.

c. Records, receipts, notes, ledgers and other documents relating to transporting, ordering, purchasing, manufacturing, storing and/or distributing controlled substances, stored in any form, including electronic form.

d. Financial documents, including credit card statements, tax returns, safe deposit records, safe deposit keys, bank records, bank statements, money orders, Western Union Money Gram or other currency transfer receipts, checking account records, cashier's checks, passbooks and other items evidencing the obtainment, concealment and/or expenditure of money, stored in any form, including electronic form.

e. Records, including address and telephone books (electronic or otherwise), telephone bills, cellular telephones, pagers, airline tickets, rental car records, storage unit rental records, false identification, other forms of identification, vehicle titles, vehicle registrations, records showing occupancy of the premises, utility bills, receipts showing the purchase of chemicals and/or motel records, stored in any form, including electronic form.

f. Proceeds of violations of 21 USC §§ 841 and 846, including currency, jewelry, vehicles and other assets or financial records related thereto.

g. Photographs and/or videotapes including photographs and/or video tapes of coconspirators, assets and/or controlled substances, stored in any form, including electronic form.

h. Cellular telephones and their contents, including phone book or contacts list, call history, text messaging, audio/video files, photographs, and any other material stored on the telephones that is related to the above listed offenses.

## ATTACHMENT C

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

William Kirkpatrick, a Special Agent with the Drug Enforcement Administration (DEA), being duly sworn, deposes and states:

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a DEA Special Agent since 1996. During my career, I have conducted hundreds of criminal investigations concerning violations of the Controlled Substances Act, and have received ongoing training in conducting such investigations.

2. My experience as a narcotics agent includes, but is not limited to: conducting physical surveillance, interviewing witnesses, writing affidavits for and executing search warrants, working with undercover agents and informants, issuance of administrative and federal grand jury subpoenas, analysis of phone toll and financial records, and analysis of data derived from the use of pen registers, trap and traces, and wiretaps.

3. This Affidavit is submitted in support of an order authorizing the entry into the single family residence at 17 Heather Lane, Alamogordo, New Mexico, ("Subject Premises"), more fully described below and in Attachment A to the search warrant application, for the purposes of seizing and searching the items described in Attachment B to the search warrant application.

4. Through my training and experience, I know the following:

   a.   Narcotics traffickers commonly keep records, receipts, notes, ledgers, and other papers relating to the transportation, storage, purchase, and distribution of controlled substances in their residences. I have personally been present at the execution of search

warrants where records related to drug trafficking were seized and the records were at least one year old.

b.     Narcotics traffickers often amass large amounts of profits derived from their illegal narcotics trafficking activities.  Documents and other records pertaining to assets which are proceeds of the narcotics trafficking described herein would constitute evidence of the same narcotics trafficking.

c.     Narcotic traffickers often maintain large amounts of U.S. currency in their residences that were derived from illegal activities.

d.     Narcotic traffickers often convert their illegal profits into other assets, such as stocks, bonds, precious metals, jewelry, real estate, vehicles and other assets. The acquisition of such assets, which are the proceeds of narcotics transactions, and the changes of one form of asset to another, almost invariably generates documents evidencing such activity.

e.     Narcotic traffickers often maintain ledgers, account books and other papers detailing the receipt, storage, sale and distribution of narcotics. These ledgers often contain amounts of drugs distributed and accounting of payments made and received.

f.     Narcotic traffickers often maintain phone books, address books and other papers containing names, telephone numbers, and addresses of suppliers and purchasers of narcotics. Narcotics traffickers will often write these documents in code and they maintain documents containing the key to their codes.

g.     Narcotic traffickers also often maintain documents or receipts for various services, such as bank statements, telephone bills, utility bills, vehicle repair, consumer goods purchases, all evidencing the disposition of illegal profits, the existence of "stash

houses" where drugs are stored and the existence of other assets obtained through the proceeds of their narcotics trafficking. Narcotics traffickers often maintain various documents evidencing ownership of assets such as real estate deeds, vehicle titles, and insurance policies.

h. Narcotic trafficking is a "for profit business" and, as such, traffickers must maintain the types of documents described above so as to determine profitability and to track debts owed by and to the trafficker.

i. Narcotic traffickers often keep photographs and videos of themselves and their co-conspirators, narcotics and their illegal profits.

j. Narcotic traffickers often maintain safe deposit boxes where they store narcotics, U.S. currency and other documents evidencing their narcotics trafficking. It is common knowledge that safe deposit boxes require the owner to have a key to the safe deposit box.

k. Narcotic traffickers often maintain firearms and ammunition to protect their narcotics and their profits from theft by other narcotics traffickers.

l. Narcotic traffickers often store narcotics as well as drug paraphernalia and packing materials in their residences and vehicles for ready access.

m. Narcotics traffickers often maintain one or more cellular or "smart" telephones which contain information relating to their drug trafficking activities. That information includes, but is not limited to, contact lists, lists of recent call activity, stored text and voice mail messages, and photographs or video recordings of themselves, their co-conspirators and their narcotics.

n.     Narcotic traffickers often maintain the above described items and documents in their primary residence or place of business so as to afford them ready access to those items.

o.     Narcotic traffickers often place ownership of vehicles, real estate, telephones and other assets in nominee names and register utility services in nominee names so as to avoid law enforcement detection.

p.     Narcotics traffickers often go to great lengths, including constructing hidden compartments, to conceal narcotics within vehicles or other conveyances for the purposes of transporting narcotics from one location to another for distribution without detection from law enforcement.

### Subject Premises

5.  This Affidavit seeks issuance of a search warrant allowing Agents to enter and conduct a search of a residence located at 17 Heather Lane, Alamogordo, New Mexico, more fully described in Attachment A (the Subject Premises).

### Probable Cause

6.  This Affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.  Facts presented in this Affidavit are based on my knowledge, observations, and direct participation in this investigation, as well as through conversations with other agents and/or persons involved in the investigation, and through the review of reports, and other documentation generated during the course of this investigation.

7.  On or about October 6, 2015, a BIA undercover agent (UC) negotiated with Robin Lee Lovelace for the purchase of 8 ounces of methamphetamine.  Lovelace and the UC agreed on a price of $6,500 for the 8 ounces of methamphetamine.

8.  On October 7, 2015, the UC contacted Lovelace and the two agreed to meet on Friday October 9, 2015, to conduct the 8-ounce methamphetamine transaction.   The UC told Lovelace that the UC could bring $5,000 to Lovelace for the methamphetamine and would provide $1,500 to Lovelace on a later date.  Lovelace agreed and asked the UC to meet her at her residence at 17 Heather Lane in Alamogordo, New Mexico.

9.  On October 9, 2015, the UC met with Lovelace outside of her residence located at 17 Heather Lane in Alamogordo, NM, and purchased approximately 8 ounces of methamphetamine from Lovelace for $5,000.   The UC recorded the meeting with Lovelace, and agents on surveillance observed the meeting between Lovelace and the UC.  Lovelace came out of the Subject Premises to meet with the UC.  After the meeting, Lovelace got into her vehicle, a Ford Explorer with NM license plate TRM575 and left the area.

10. The substance purchased from Lovelace on October 9, 2015, was submitted to the DEA South Central Regional Laboratory (SCRL) for analysis.  The SCRL confirmed that the substance was 212 net grams of pure methamphetamine.

**Identification of Subject Premises**

11. On October 9, 2015, Lovelace identified 17 Heather Lane in Alamogordo, NM as her residence to a BIA UC.  The UC then met Lovelace at the Subject Premises where the UC purchased 8 ounces of methamphetamine for $5,000.

12. Agents also confirmed that the address listed on the NM vehicle registration for Lovelace's vehicle, a Ford Explorer, bearing NM license plate TRM575, lists the Subject Premises as her address.

**Conclusion**

13. Based on the above information, there is probable cause to believe that Lovelace is involved in the trafficking of methamphetamine, and that evidence and/or the fruits and instrumentalities of violations of 21 U.S.C. §§ 841 and 846 are located at the Subject Premises. Therefore, Affiant respectfully requests that this Court issue a search warrant for the Subject Premises, more particularly described in Attachment A, authorizing the seizure of all items described in Attachment B.

14. This Affidavit has been reviewed by Assistant United States Attorney Terri Abernathy.

Respectfully submitted,

William Kirkpatrick
DEA Special Agent

Subscribed and sworn before me on November _13_, 2015:

Stephan M. Vidmar
United States Magistrate Judge